**Opinion filed January 17, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-18-00193-CV

_____

## IN THE INTEREST OF T.N.S., A CHILD

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 8868-CX**

## M E M O R A N D U M   O P I N I O N

T.N.S.'s father appeals from an order in which the trial court terminated his parental rights. On appeal, the father presents four issues related to his execution of an affidavit of voluntary relinquishment of his parental rights. We affirm.

In his first issue, Appellant contends that the evidence is legally and factually insufficient to support the trial court's implicit finding that Appellant signed the affidavit voluntarily. In the second issue, he complains that he was not afforded a hearing at which he could have shown that he was not taking his medications at the time that he signed the affidavit and was therefore unable to understand the nature

and consequences of the affidavit. In his third issue, Appellant asserts that the affidavit was obtained by fraud, duress, or coercion. In the fourth issue, Appellant complains that he signed the affidavit as a result of ineffective assistance of counsel.

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2018). In this case, the trial court found that Appellant had executed an unrevoked or irrevocable affidavit of relinquishment of his parental rights, as provided for in Section 161.001(b)(1)(K), and that termination was in the best interest of the child.

The record reflects that, just prior to the commencement of a jury trial, Appellant's counsel informed the trial court that Appellant was considering settlement negotiations and asked that Appellant be allowed to talk to his mother. The trial court permitted Appellant to converse with his mother in the presence of Appellant's counsel. After a recess of approximately forty-five minutes, Appellant's counsel informed the trial court that Appellant had signed an affidavit of relinquishment. The parties then waived a jury, and the trial court conducted a brief hearing at which the affidavit of relinquishment was admitted into evidence and testimony regarding the child's best interest was offered.

The affidavit executed by Appellant was an irrevocable affidavit of voluntary relinquishment of his parental rights; it was admitted as an exhibit at trial. The affidavit complies with the requirements of the Family Code. *See* FAM. § 161.103 (setting out the various requirements for affidavits of relinquishment of parental rights). A Department employee testified that the Department did not coerce Appellant or offer him anything in exchange for signing the affidavit. In the affidavit, Appellant acknowledged that he understood he was giving up all of his

parental rights and that he "freely, voluntarily, and permanently" relinquished those rights. Nothing in the appellate record suggests otherwise.

"A direct or collateral attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment of parental rights or affidavit of waiver of interest in a child is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit." *Id.* § 161.211(c); *see In re K.S.L.*, 538 S.W.3d 107, 110–11 (Tex. 2017). An involuntarily executed affidavit of relinquishment is a complete defense to a termination suit based on Section 161.001(b)(1)(K). *In re K.M.L.*, 443 S.W.3d 101, 113 (Tex. 2014).

In his brief, Appellant makes numerous assertions as to the involuntariness of his execution of the affidavit of relinquishment, including an assertion that Appellant was not taking needed medications when he executed the affidavit. He also makes several assertions in his brief regarding the assistance of his trial counsel. However, none of those assertions is supported by the record. Appellant did not raise the issue of voluntariness in the trial court during trial, nor did he file a motion for new trial or otherwise timely request a hearing to address matters related to his execution of the affidavit or the assistance of trial counsel. Thus, nothing in the record supports Appellant's contentions on appeal regarding his alleged involuntary execution of the affidavit of relinquishment or the alleged ineffectiveness of trial counsel. We are not to consider factual assertions that appear in an appellate brief but are not supported by the record. *See Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006).

Based on the record before us, we are constrained to hold that the evidence is sufficient to show that Appellant voluntarily signed the affidavit of relinquishment; that the affidavit was not obtained by fraud, duress, or coercion; that Appellant did not request a hearing on the matter; and that Appellant has not shown that the alleged ineffective assistance of counsel resulted in an involuntarily executed affidavit of

relinquishment. Accordingly, we overrule Appellant's first, second, third, and fourth issues on appeal.

We affirm the order of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


January 17, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.